IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JESSE PELLOW,                              :
        Plaintiff                       :
    v.                                       : Case No. 3:25-cv-67-SLH-KAP
PETER WEEKS, BLAIR COUNTY                  :
DISTRICT ATTORNEY, *et al.*,               :
        Defendants                      :

<u>Memorandum Order</u>

    The pending motions at ECF no. 7, ECF no. 8, and ECF no. 10 are denied.

    On March 3, 2025, plaintiff filed a *pro se* complaint for which he paid the filing fee. It was dated February 28, 2025 and named a number of defendants starting with Peter Weeks, the current district attorney in Blair County, followed by four paragraphs of allegations and a prayer for relief. I was added to the docket by the Clerk because plaintiff identified two related cases, the earlier of which I presided over. The next day, March 4, 2025, plaintiff filed what was docketed as "Amended Complaint *defendant listing clarified*" which was solely a list of defendants. The list differed in part from the list of defendants described in the original complaint. The plaintiff also filed a motion styled "Motion for Magistrate Recusal" that was docketed as "First MOTION to Disqualify Judge Keith Pesto."

    Because plaintiff is not proceeding *in forma pauperis*, I issued an order on March 5, 2025 ordering plaintiff to serve the named defendants as provided in Fed.R.Civ.P. 4(m). I also denied the motion for my recusal, with an explanation, and I directed the Clerk to assign this matter to a district judge because it was clear that this would not be a consent case. The following day, March 6, 2025, plaintiff filed at ECF no. 5 and ECF no. 6 what amounts to an appeal to the presiding district judge from my denial of his recusal motion. Plaintiff filed the same "Motion for Magistrate Recusal," but this time docketed it with the description "REPLY to Response to Motion re [ECF no.] 2 Motion to Disqualify Judge *keith pesto*." That latter document has a certificate of service dated "5/6/2025," which has to be a typographical error.

    The appeal from my denial of recusal has been pending since March 6, 2025. On March 8, 2025 plaintiff filed a 16-page document with a lengthy heading that begins "NOTICE TO THE COURTS" and that was docketed as "Third MOTION to Amend [ECF no.] 3 Amended Complaint *excessive use of force*" that discussed an incident that happened to plaintiff after the filing of the original complaint. Two days later on March 10, 2025, plaintiff filed a third copy of the same "Motion for Magistrate Recusal"

1

previously filed both as a motion and as an appeal, and on March 12, 2025 plaintiff filed a second copy of the "NOTICE TO THE COURTS." On March 28, 2025, plaintiff filed what is styled "Motion and Proposed Order for Judgement" and docketed as "First MOTION for Judgment *failure for defendants to respond.*"

There is no basis for my recusal under 28 U.S.C.§ 455(a). Plaintiff, as in prior recusal motions in this and other cases, repeatedly alleges two things: points of tangency between individuals (for instance that I was in the Blair County District Attorney's Office forty years ago, and the current District Attorney has prosecuted plaintiff) and his conclusion that those points of tangency of themselves prove a vast conspiracy to harm him. Personal and professional contacts far more substantial than any alleged by plaintiff are insufficient to require recusal. *See e.g.* Porretto v. City of Galveston Park Bd. of Trustees, 113 F.4th 469, 492-94 (5th Cir. 2024).

The caption on the docket right now does not match up with any of the three versions of what plaintiff describes as his list of defendants. Plaintiff's complaint violates Federal Rule of Civil Procedure 8(a)(2) that requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and Federal Rule of Civil Procedure 10(B) that requires the complaint to be divided into numbered paragraphs, each "limited as far as possible to a single set of circumstances." Instead of a single legible document clearly identifying who the plaintiff believes violated his rights, and how, in a way that allows the court to draw the reasonably plausible inference that each named defendant is liable, plaintiff has filed several documents that do not even clearly identify who plaintiff intends to name defendants. The plaintiff should draft one proposed amended complaint identifying the defendants and making allegations that give the what, when, and where to his claims, and attach it to a motion to amend the complaint.

So the pending motions at ECF no. 7 ECF no. 8 and ECF no. 10 are denied: ECF no. 7 is not a motion, it is a stream of consciousness narrative that begins by expressing plaintiff's intent to sue a pair of Logan Township police officers and ends with the assertion that plaintiff has in fact amended his complaint to name as defendants the Penn State Altoona Police Department, a magisterial district judge DeAntonio, and the Blair County Prison; ECF no. 8 is redundant of a motion denied and on appeal, and ECF no. 10 is meritless because plaintiff has made no adequate proof of service on any defendant of any version of his complaint.

      Plaintiff has the right to appeal this nondispositive Order under Rule 72(a) and 28 U.S.C.§ 636(b)(1)(A) within 14 days.

DATE: May 14, 2025

                                  Keith A. Pesto,
                                  United States Magistrate Judge

Notice by ECF to plaintiff